**AKIN GUMP STRAUSS HAUER & FELD LLP**
R.D. KIRWAN (SBN 42659)
BRUCE JACOBS (SBN 194114)
JULIA I. DE BEERS (SBN 233811)
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone:  310-229-1000
Facsimile:   310-229-1001
Emails:   rkirwan@akingump.com
            bjacobs@akingump.com
            jdebeers@akingump.com

Attorneys for Applicant and Defendant
GRUMA CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS JOHNSON and ARNOLD ROSENFELD, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GRUMA CORPORATION, a Nevada corporation, dba MISSION FOODS CORPORATION; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV-02-8557-R(Ex)<br><br>[Assigned To The Hon. Manuel Real For All Purposes]<br><br>**DEFENDANT GRUMA CORPORATION'S NOTICE OF APPLICATION AND APPLICATION TO CONFIRM ARBITRATION AWARD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Declaration of Bruce Jacobs filed concurrently herewith; [Proposed] Order and [Proposed] Judgment lodged herewith] |

1  TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that on October 20, 2008 at 10:00 a.m. in Courtroom No. 8 of the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, CA 90012, Defendant Gruma Corporation ("Gruma") will and hereby does apply to this Court for an order confirming the final arbitration award ("Award") made in the JAMS Arbitration titled *Dennis Johnson, et al. v. Gruma Corporation dba Mission Foods Corporation*, JAMS Case No. 1220026252, and for entry of judgment in conformity therewith. By the Order Returning Case to Arbitration dated April 25, 2005, this Court had stayed this case and referred the parties to arbitration.

This Application is made pursuant to 9 U.S.C. section 9 and alternatively under California Code of Civil Procedure sections 1285 *et seq.* on the grounds that the Arbitrator has issued a final Award and plaintiffs have not filed or served any application with the Arbitrator or this Court to correct, modify or vacate the Award.

This Application is made following conferences of counsel which took place on September 9, 2008 and subsequently. As part of those conferences, counsel for plaintiffs stated that plaintiffs oppose confirmation of the Award on the procedural ground that California law, rather than the Federal Arbitration Act, governs confirmation of the Award. Plaintiffs did not, and refused to, identify any substantive basis for opposing confirmation of the Award. Gruma seeks confirmation under both the Federal Arbitration Act and California law.

/ / /
/ / /
/ / /

1

Gruma Corporation's Notice of Application and Application to Confirm Arbitration Award; Memorandum of Points and Authorities in Support Thereof

CV-02-8557-R(Ex)

1  This Application is based upon this Notice of Application and Application, the
2  Memorandum of Points and Authorities, the Declaration of Bruce Jacobs, any matter of
3  which the Court may take judicial notice, and upon such oral argument as may be heard
4  at the hearing of this Application

Dated: September 29, 2008

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By /s/ R.D. Kirwan
R.D. Kirwan
Attorneys for Applicant and Defendant
GRUMA CORPORATION

## MEMORANDUM OF POINTS AND AUTHORITIES

Now that this Court has referred the case to arbitration and the arbitrator has decided the arbitration in Gruma's favor, it is proper for the Court to confirm that award.

This Court clearly has jurisdiction and the power to confirm the arbitration award. On February 17, 2005, the Ninth Circuit Court of Appeals remanded this case, citing to section 16 of the Federal Arbitration Act (9 U.S.C. § 16). *Johnson v. Gruma Corporation*, 123 Fed. Appx. 786 (9th Cir. 2005). U.S. District Judge Real then referred the controversy to arbitration, while staying and retaining jurisdiction over this case "pending determination of the arbitration." Order Returning Case to Arbitration (dated April 25, 2005).[1] The Supreme Court has held that a "court with the power to stay the action under [9 U.S.C.] § 3 has the further power to confirm any ensuing arbitration award." *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 202 (2000).

The Court ordered the claims referred to arbitration on April 25, 2005 because the parties, and the class members they represent, had entered into a similar written Store Door Distribution Agreement ("Agreement"), a copy of which is attached as Exhibit "A" to the Declaration of Bruce Jacobs ("Jacobs Decl.") and incorporated herein by this reference. Paragraph 15(g) of the Agreement provided for arbitration of all disputes arising out of or relating to the Agreement.

Pursuant to the parties' arbitration agreement, the arbitration was conducted under JAMS Rules. See Exhibit "A" to the Jacobs Decl. at 20. Following the process set forth by the JAMS Rules, Associate Justice Richard C. Neal (Ret.) was selected as the

---

[1] The Court placed this case on inactive status pending completion of the arbitration. On September 5, 2008, the Court reinstated the case to active status.

3
Gruma Corporation's Notice of Application and Application to Confirm Arbitration Award; Memorandum of Points and Authorities in Support Thereof

1  arbitrator. In the arbitration, plaintiffs moved for class certification and the Arbitrator
2  certified the following class:
3        All persons who were party to Store Door Distribution Agreements with Gruma
4        dba Mission Foods with California choice-of-law provisions on or since
5        November 29, 1997, and whose distributor agreements specified a 'Company
6        facility' located in California, excluding current Gruma supervisors or managers.
7  Notice was delivered to the class by first class mail by a neutral third party administrator
8  and class members were given the opportunity to opt out.
9      The class arbitration hearing commenced on April 29, 2008 and lasted seventeen
10  trial days, concluding on May 21, 2008. During the hearing, the Arbitrator heard the
11  testimony of numerous witnesses, including the two named Claimants, and accepted
12  into evidence hundreds of written exhibits. The Arbitrator also considered pre-and post-
13  hearing briefs and supplemental letter briefs. The hearing officially closed on August 8,
14  2008. *See* Jacobs Decl. at ¶ 2.
15      On August 12, 2008, within the 30-day deadline provided by JAMS Rule 19(a),
16  the Arbitrator issued a decision in favor of Gruma. Jacobs Decl., Exh. C.

17      **A.**   **Consistent with the FAA, the Court Should Confirm the Award.**
18      The parties' arbitration agreement provides that an arbitration award is "subject to
19  enforcement pursuant to the provisions of California Code of Civil Procedure Section
20  1285 through 1295, ***or other applicable law***." Exhibit "A" to the Jacobs Decl. at 21
21  (emphasis added). As already held by the Ninth Circuit (law of the case), this case is
22  subject to the Federal Arbitration Act. *Johnson*, 123 Fed. Appx. 786.[2] Pursuant to the
23  FAA, at any time within one year after award is made, any party to the arbitration may
24  apply to the court for an order confirming the award, and confirmation of an arbitration

---

   [2]    Any "contract evidencing a transaction involving [interstate] commerce" is subject to the FAA. 9 U.S.C. § 2.

4

Gruma Corporation's Notice of Application and Application to Confirm Arbitration Award; Memorandum of Points and Authorities in Support Thereof

CV-02-8557-R(Ex)

1  award is mandatory unless the award is vacated, modified, or corrected. 9 U.S.C. § 9
2  ("the court must grant such an order unless the award is vacated, modified, or corrected
3  as prescribed in sections 10 and 11 of this title").
4     No party has requested that the Award be vacated, modified, or corrected.
5  Therefore, under 9 U.S.C. § 9, an order confirming the Award and entering judgment
6  thereon should enter.

**B.   Alternatively, Under The California Arbitration Act the Court Should Confirm the Award.**

The result is no different if the Court applies the California Arbitration Act. Under the CAA, "[t]he procedure by which the prevailing party [in an arbitration] obtains an enforceable judgment is a petition to confirm the award." *Loeb v. Record*, 162 Cal. App. 4th 431, 450 (2008) (internal quotations omitted). As the *Loeb* Court explained:

> The contents that must be included in a petition are specified by section 1285.4. The petition must set forth the substance of the agreement to arbitrate, the names of the arbitrators, the arbitration award, and any written opinion of the arbitrators. (Ibid.)

*Id.* In response to a petition to confirm, the Court is required to confirm the award unless it is corrected or vacated under the standards of the California Arbitration Act. Cal. Civ. Proc. Code § 1286.

/ / /
/ / /
/ / /

5

Gruma Corporation's Notice of Application and Application to Confirm Arbitration Award; Memorandum of Points and Authorities in Support Thereof

CV-02-8557-R(Ex)

1  This Award should be confirmed irrespective of whether the Court applies the
2  FAA or the California Arbitration Act. As plaintiffs tacitly concede by having raised no
3  substantive objection to confirmation, there is no basis to refuse to confirm the Award.[3]

Dated: September 29, 2008

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By /s/ R.D. Kirwan
R.D. Kirwan
Attorneys for Applicant and Defendant
GRUMA CORPORATION

---

[3] Counsel for plaintiffs ("Class Counsel") and counsel for Gruma have discussed confirmation of the Award in an attempt to resolve this matter. As part of that process, Class Counsel indicated that he would oppose confirmation on the ground that the Federal Arbitration Act does not apply. Class Counsel did not offer any other reason why plaintiffs opposed confirmation of the Award nor has Class Counsel offered any such basis subsequently. Having failed to identify any substantive reason to oppose confirmation as part of the pre-motion meet and confer process, plaintiffs should not be permitted to attempt to manufacture a reason now. If plaintiffs offer a frivolous argument in opposition, Gruma reserves the right to seek attorneys' fees under Federal Rule of Civil Procedure 11 and other applicable law.